UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:22-CV-21301-DPG

ABDULA MONTHER,
LARRY WELCH,
CHRIS WILLIAMS, and all
others similarly situated,

    Plaintiffs,

vs.

FAMILY FOOD OF LIBERTY MARKET, INC
f/k/a Liberty Market of Miami, Inc;
M & T FOOD STORES, INC,
FAMILY FOOD OF HOMESTEAD, INC.;
and YOUSSEF YAZJI

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT, TO DISMISS WITH PREJUDICE, AND TO RETAIN JURISDICTION

Plaintiffs, ABDULA MONTHER, LARRY WELCH and CHRIS WILLIAMS ("Plaintiffs"), and Defendants, FAMILY FOOD OF LIBERTY MARKET, INC f/k/a Liberty Market of Miami, Inc, M&T FOOD STORES, INC, FAMILY FOOD OF HOMESTEAD, INC and YOUSSEF YAZJI ("Defendants") (together referred to as the "Parties"), by and through their respective undersigned counsel, file this Joint Motion to Approve Settlement Agreement, to Dismiss with Prejudice, and to Retain Jurisdiction.

## PRELIMINARY STATEMENT

1.    On April 26, 2022, Plaintiffs filed a Complaint in this matter alleging, *inter alia*, that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA"), by failing to pay overtime for the hours they worked for Defendants. [DE 1].

1

2. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor. Accordingly, the Parties request that this Court approve the terms of the settlement agreement in this matter, dismiss this matter with prejudice, and retain jurisdiction in order to enforce the terms of the Parties' settlement.

### ARGUMENT AND CITATION OF AUTHORITY

THE SETTLEMENT AGREEMENT NEGOTIATED BY THE PARTIES IS A FAIR AND REASONABLE RESOLUTION OF THE FLSA CLAIMS IN THIS MATTER. ACCORDINGLY, THIS COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT.

Pursuant to the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the Court. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1350. To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See id.*

A bona fide dispute as to Plaintiffs' claim exists/existed. During the course of discussions between the Parties concerning the merits of Plaintiffs' claims and Defendants' defenses, it was determined a) that while Plaintiffs continued to believe they had a claim against Defendants, Plaintiffs' damages may have been more limited than originally anticipated even should they prevail, b) that the Parties were prepared to move forward with their respective claims and defenses, c) that the Parties would incur significant fees and costs in doing so, and d) that there was significant uncertainty on both sides regarding the ultimate outcome of the case. As a result of the foregoing and recognizing the cost of protracted litigation, the Parties reached an agreement that they considered to be fair and equitable, while at the same time limiting imposition on the

Court's limited judicial resources.  The Parties memorialized their agreement through the execution of a Confidential Settlement Agreement between Plaintiffs and Defendants.  *See* Exhibit 1.  The Parties' agreement contains, but is not limited to, the following material terms:

    A.    Defendants will pay Plaintiffs amounts the Parties agreed would be equitable given the concerns of the Parties reflected above, as well as attorney's fees and costs.

    B.    Defendants do not admit liability or wrongdoing under the FLSA, or any other basis.  Defendants do not admit that Plaintiffs worked for Defendants but maintain that Plaintiffs worked for a lessee or Defendants' store. Plaintiffs dispute that they did not work for Defendants.

    C.    Plaintiffs have agreed to release Defendants from liability for any claims that were brought or that could have been brought against Defendants.

    D.    Plaintiffs have agreed to dismiss this action with prejudice with the Court to retain jurisdiction to enforce the terms of the settlement.

    F.    The attorneys' fees and costs claimed by the Plaintiffs is an amount which is fair and reasonable and was negotiated separate and apart from any settlement reached by the Plaintiffs[1]; and

    G.    The terms of the settlement agreement are contingent upon approval by the Court.

The Parties agree that the above-delineated settlement terms represent a fair and equitable resolution of this matter.  Accordingly, the Parties respectfully request that the Court enter an Order approving the terms of the settlement of Plaintiffs' claims and dismiss this action with prejudice and that this Court shall retain jurisdiction to enforce the terms of the settlement.

---

[1] *See* Declaration with exhibits outlining Plaintiff's attorney's fees and costs, attached hereto as **Composite Exhibit 2**.

Should this Court require any further information regarding the settlement agreement and the fairness of the terms therein, then the Parties request a hearing to address the Court's concerns.

WHEREFORE, the Plaintiffs and Defendants respectfully request that the Court enter an Order approving the terms of the Settlement Agreement, dismissing this action with prejudice, and retaining jurisdiction in order to enforce the terms of the Parties' settlement.[2]

Dated: August 8, 2023,

| | |
|---|---|
| s/Tanesha W. Blye<br>Tanesha W. Blye, Esq. (FBN: 738158)<br>*Lead Counsel*<br>Email: tanesha@legalopinionusa.com<br>R. Martin Saenz, Esq. (FBN: 0640166)<br>Email: martin@legalopinionusa.com<br><br>THE SAENZ LAW FIRM, PA<br>20900 NE 30th Avenue, Ste. 800<br>Aventura, Florida 33180<br>Telephone: (305) 482-1475<br>*Counsel for Plaintiff* | s/Gary A. Costales<br>Gary A. Costales, Esq.<br>Fla. Bar. No.: 0948829<br>Email: costalesgary@hotmail.com<br>Gary A. Costales, P.A.<br>1533 Sunset Drive, Suite 150<br>Miami, FL 33143<br>(786) 446-7298 (direct)<br>(305) 323-7274 (facsimile)<br>*Counsel for Defendants* |

## CERTIFICATE OF SERVICE

**I hereby certify** that on August 8, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s Tanesha W. Blye

---

[2] *See* Proposed Order, attached hereto as **Exhibit 3**.

## SERVICE LIST

*ABDULA MONTHER ET AL V. FAMILY FOOD LIBERTY MARKET, INC ET AL*

*CASE NO.: 22-CV-21301-DPG*
**United States District Court, Southern District of Florida**

| | |
|---|---|
| Tanesha W. Blye, Esq. (FBN: 738158)<br>*Lead Counsel*<br>Email: tanesha@legalopinionusa.com<br>R. Martin Saenz, Esq. (FBN: 0640166)<br>Email: martin@legalopinionusa.com<br><br>THE SAENZ LAW FIRM, PA<br>20900 NE 30th Avenue, Ste. 800<br>Aventura, Florida 33180<br>Telephone: (305) 482-1475<br>***Counsel for Plaintiff*** | Gary A. Costales, Esq.<br>Email: costalesgary@hotmail.com<br><br>Gary A. Costales, P.A.<br>1533 Sunset Drive, Suite 150<br>Miami, FL 33143<br>Telephone: (786) 448-7288<br>(786) 446-7298 (direct)<br>(305) 323-7274 (facsimile)<br>Attorney for Defendants<br>*Notice of Electronic Filing* |